UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | |
| MIRSAD TASIC, | ) | |
| | ) | |
| Debtor, | ) | |
| | ) | |
| MIRSAD TASIC, | ) | Case No. 4:13CV00479 ERW |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| Appellee. | ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Debtor Mirsad Tasic's ("Debtor") appeal of the Bankruptcy Court's Order vacating the Clerk's entry of default, and dismissing Debtor's Adversary Complaint against Wells Fargo Bank, N.A. ("Wells Fargo") [ECF No. 1].

**I.      PROCEDURAL BACKGROUND**

As pertinent for purposes of this discussion and to provide a contextual frame of reference, the Court incorporates that part of the procedural background recited in its Memorandum and Order reversing the bankruptcy court's dismissal of Debtor's Chapter 13 case, Case No. 4:13CV00474.

Debtor filed a Chapter 13 Voluntary Petition, and a Chapter 13 Plan, in the United States Bankruptcy Court for the Eastern District of Missouri on August 14, 2012.  Following objections by the Chapter 13 Trustee to his original and first amended Chapter 13 plans, Debtor filed a Second Amended Chapter 13 Plan, and, additionally, an "Objection to Claim of Wells Fargo

Bank, NA."  In his Objection, Debtor alleged Wells Fargo Bank, NA ("Wells Fargo") had no claim against him or his estate, because the note and deed of trust assigned to Wells Fargo by Debtor's original lender contained several defects that caused the instruments to be null and void. Debtor's Second Amended Chapter 13 Plan removed Wells Fargo from Schedule D's list of secured creditors, and listed Wells Fargo instead as a contingent, disputed and unliquidated unsecured creditor on Schedule F of the plan.  Debtor's Second Amended Chapter 13 Plan did not provide for any payments to be made to Wells Fargo.

On December 11, 2012, Trustee filed an "Objection to Confirmation of 2nd Amended Plan," praying for an order denying confirmation of the proposed plan, and asserting that: 1) Debtor lacked sufficient income to fund the plan; 2) the plan contained insufficient funds to make the guaranteed repayment to general unsecured creditors; and 3) the plan failed to provide for post-petition mortgage payments and arrears.  Trustee's third asserted ground for objection further stated: "Schedule D indicates that Debtor believes this is an unsecured debt, but there is no indication that an adversary [complaint] or motion will be filed to avoid the lien, nor is there any provision for payment in the event Debtor does not sustain his allegations."

Wells Fargo filed its "Answer to Debtor's Objection to Proof of Claim #3-1" on December 27, 2012, generally denying the allegations contained in Debtor's objection to its claim, and asserting that, as it appeared Debtor was attempting to determine the validity of a lien; the matter should be resolved through an Adversary Complaint.  Debtor filed an "Adversary Complaint to Disallow Claim, to Void Lien and to Quiet Title in Real Property of the Estate" against Wells Fargo on January 14, 2013, seeking, among other things, a declaration that Wells Fargo had no claim or lien against him, his estate, or his real property [ECF No. 4-1 at 3-4, 7-30].

Debtor's Adversary Complaint was served on Wells Fargo, by first class United States Mail addressed to its bankruptcy department, on January 31, 2013 [ECF No. 4-1 at 34].

A hearing on Debtor's Second Amended Plan was conducted on January 16, 2013. During that hearing, Trustee stated his objection to the confirmation of Debtor's Second Amended Plan was due, in part, to insufficient income, and because Debtor was not current with his payments. The Bankruptcy Court informed Debtor that he was "slightly over a payment behind and the trustee objects." When the Bankruptcy Court asked Debtor's counsel if he needed an amended plan, Debtor's counsel replied: "The only thing that I saw that they objected to was insufficient funds and lack of income. And they said something about we hadn't file[d] the adversary complaint, which we filed. So, I thought that there wasn't anything that didn't allow for a confirmation of the plan." Thereafter, the Bankruptcy Court inquired about the challenged mortgage payment, asking if it was a secured claim, and Debtor's counsel stated that Debtor had filed both an objection to the claim, and an adversary complaint. The Bankruptcy Court responded, "All right. Then let's let that play out. February 13th at 10 o'clock. Please be current" The confirmation hearing was continued to February 13, 2013. The trial on Debtor's Adversary Complaint was set for April 3, 2013 [ECF No. 4-1 at 4, 31].

On January 23, Trustee filed his Objection to Wells Fargo's claim (Claim 2), contending that the claim was ambiguous as to type and amount, and that he could not determine whether the claim should be fully secured, because the claim did not list the property value of the collateral securing the debt. In its Response to Trustee's Objection, Wells Fargo acknowledged that "the claim is missing certain required information[,]" asserted it would "file an amended claim which supplies all necessary information[,]" and asked the Bankruptcy Court to deny Trustee's objection.

On February 13, Debtor's case was called for the confirmation hearing on his Second Amended Chapter 13 Plan. When Debtor did not appear, the Bankruptcy Court asked Trustee for his objection. Trustee asserted: "Plan fails to provide for post petition mortgage payments and the arrearages." The Bankruptcy Court then stated: "All right. Plus the debtor is more than one payment behind. I've continued this four times; now I'll dismiss on both plan payments and undue delay prejudicial to the creditors." The Bankruptcy Court entered its Pre-Confirmation Order and Notice of Dismissal on February 14, 2013. The Order indicated that Debtor's case was dismissed upon Trustee's request, in accordance with 11 U.S.C. § 1307(c)(1) and (4), due to unreasonable delay and for failure to commence making plan payments.

Debtor filed a "Motion to Set Aside Dismissal" on February 18, alleging that he did not lack sufficient income to fund the plan, and that he had fully paid all amounts due and owing under the plan. Debtor argued that the Order's stated grounds for dismissal were unsupported by the record. He further contended that his plan should have been confirmed because it conformed to the model plan provided by the Court, it was supported by the record, the Trustee's objections were not well taken, and Debtor had paid the amounts due and owing as of the date of the dismissal.

Trustee objected to Debtor's motion to set aside the dismissal, stating: "This case was dismissed for unreasonable delay. The case was filed on August 14, 2012 and never confirmed. Confirmation was continued four times before being dismissed at the 2/13/13 docket which attorney failed to appear." In his Response to this objection, Debtor argued, due to the bankruptcy court's announcement that it would not confirm the plan until after the disposition of the Adversary case, there was no need for him to appear at the February 13 confirmation hearing, because the Adversary case was still pending and the confirmation would once again be

4

continued.  Debtor further contended that any delay in confirmation of his plan was due to the court's determination to wait until the adversary proceeding was heard and determined.  Debtor asserted that Wells Fargo was in default in the adversary proceeding, that he had filed a request with the clerk for entry of default judgment, and that this disposition would resolve Trustee's objections and allow for confirmation of his plan.

On February 27, 2013, a Clerk's Entry of Default was entered against Wells Fargo in the adversary proceeding [ECF No. 4-1 at 4, 40].  On that same date, the Bankruptcy Court denied Debtor's motion to set aside the dismissal of his Chapter 13 proceeding.

The bankruptcy court also entered an Order to Vacate the Clerk's Entry of Default, and an Order dismissing Debtor's Adversary case on February 27 [ECF No. 4-1 at 4, 41-42].  In this February 27 Order, the bankruptcy court stated that the Clerk inadvertently issued the "Clerk's Entry of Default, "in that the main case 12-47834-399 was dismissed on February 14, 2013" [ECF No. 4-1 at 41].  The bankruptcy court vacated and set aside in its entirety the Clerk's Entry of Default as improvidently entered, dismissed as moot Debtor's Complaint, and closed the adversary case.

Debtor's Motion to Set Aside the Orders was subsequently denied [ECF No.  4-1 at 5, 44-48].  The bankruptcy court's Order denying the motion included the following language: "This court stated from the bench on March 6, 2013 its oral ruling on the Motion to Set Aside.  Upon careful consideration and for the reasons set forth on the record on March 6, 2013, it is hereby ORDERED that the *Motion to Set Aside order Vacating Clerk's Entry of Default and Dismissing and Closing the Above Styled Adversary Case* is DENIED" [ECF No. 4-1 at 47-48].  This ruling has not been transcribed and is not included in the record on appeal.

5

Debtor appeals the Order denying his Motion to Set Aside the bankruptcy court's orders in his adversary proceeding [ECF No. 4-1 at 49-50]. He filed a separate appeal challenging the dismissal of Chapter 13 case. As previously mentioned, this Court granted Debtor's appeal of the Chapter 13 dismissal.

## II.      STANDARD OF REVIEW

When a debtor appeals a bankruptcy court's order to a district court, the district court reviews the bankruptcy court's legal conclusions de novo and its findings of fact for clear error. *In re O'Brien*, 351 F.3d 832, 836 (8th Cir. 2003). Issues committed to the bankruptcy court's discretion are reviewed for an abuse of that discretion. *In re Zahn*, 526 F.3d 1140, 1142 (8th Cir. 2008). An abuse of discretion occurs when the bankruptcy court fails to apply the proper legal standard or bases its order on findings of fact that are clearly erroneous. *Id.*

A court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). A good cause determination involves consideration as to whether the conduct of the defaulting party was culpable or blameworthy, whether the defaulting party has a meritorious defense, and whether the other party would suffer prejudice if the default were set aside. *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998).

## III.     DISCUSSION

Debtor raises only one point on appeal, contending:

> The bankruptcy court erred and abused its discretion in entering, sua sponte, an Order vacating the Clerk's entry of default, and dismissing and closing the debtor's adversary case 13-4011, because dismissal of the main case 12-47834 did not result in automatic dismissal of the debtor's adversary case nor render the issues in debtor's adversary case moot, nor divest the bankruptcy court of jurisdiction over debtor's adversary case, in that fairness to the debtor weighed heavily in favor of the bankruptcy court's retention of jurisdiction, particularly since the defendant was in default prior to the debtor's request for entry of default, defendant remained in default prior to and at the same time the court overruled debtor's motion to set aside its order of dismissal of the underlying bankruptcy

6

>case, the defendant had not filed a motion to set aside default and remained in default at the time the court entered said Order vacating the clerk's entry of default, the debtor was prejudiced by the order vacating the clerk's entry of default and dismissing debtor's adversary case, the court did not have any just cause to vacate the clerk's entry of default and to dismiss debtor's adversary case, and moreover there was no substantial evidence to support said order vacating the clerk's entry of default and dismissing debtor's adversary case, said order was against the weight of the evidence, said order erroneously declares the law, and said order erroneously applies the law.

[ECF No. 4 at 4].  In its brief, Wells Fargo frames the issues as being whether:  1) Debtor's adversary proceeding presented a live controversy within the jurisdiction of the bankruptcy court after Debtor's Chapter 13 case was dismissed; 2) the bankruptcy court abused its discretion in declining to exercise jurisdiction over a matter in which it had not expended any judicial resources; and 3) dismissal of the adversary proceeding was nevertheless correct because Debtor failed to effect proper service of process on Wells Fargo [ECF No. 8 at 6].

Wells Fargo argues that Debtor's claims arising under the Bankruptcy Code were mooted under 11 U.S.C. § 349(b)(1), by dismissal of his Chapter 13 case, because the parties were restored to their pre-petition positions and there was no longer any question of dividing the bankruptcy estate's assets among creditors or discharging unpaid obligations.  Wells Fargo contends that a bankruptcy court does not have jurisdiction over proceedings that cannot affect a bankruptcy estate, and that, even if the bankruptcy court could have retained jurisdiction over some components of the adversary proceeding, the court did not abuse its discretion in declining to do so.

Alternatively, Wells Fargo asserts that the dismissal should be affirmed because Wells Fargo was not properly served with process in accordance with Federal Rule of Bankruptcy Procedure 7004(h), in that Debtor did not serve process on it by certified mail sent to its designated officer, or to an attorney who had appeared on its behalf.  Wells Fargo claims that

Debtor served the summons and Adversary Complaint by mailing the documents to Wells Fargo at an address in Fort Mill, South Carolina, with the line "Attention:  Bankruptcy Department/MAC #D3347-014," via priority mail.  Wells Fargo contends that, had Wells Fargo filed a motion challenging service under Federal Rule of Civil Procedure 12(b)(5), the bankruptcy court would have lacked jurisdiction to enter a default judgment and would have been required to dismiss the adversary proceeding.  In his Reply Brief, Debtor argues that Wells Fargo lacks standing to raise the issue of sufficiency of service of process on appeal, because this issue was not raised before the bankruptcy court, and the bankruptcy court did not dismiss the Adversary case on that basis.  Debtor further contends that Wells Fargo was properly served, as he mailed the summons and Adversary Complaint to the address Wells Fargo designated in its proof of claim as the address where notices should be sent.

      The record reveals that the bankruptcy court sua sponte vacated the Clerk's Entry of Default, finding it to be improvidently entered, and dismissed, as moot, Debtor's adversary case because Debtor's Chapter 13 case had been dismissed on February 14.  "[A] case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party."  *Chafin v. Chafin*, 133 S.Ct. 1017, 1023 (2013)(citation and internal quotation marks omitted).  It is arguable that the bankruptcy court's sua sponte dismissal was an abuse of discretion because the dismissal was entered without notice and was based on an improper legal conclusion.  Regardless, the Court's reversal of the bankruptcy court's dismissal of  Debtor's Chapter 13 case is dispositive of this appeal.  In its Memorandum and Order separately entered on this date, the Court found that the bankruptcy court erred and abused its discretion when it sua sponte dismissed Debtor's case, without notice and an opportunity for hearing.  Thus, the ground

8

upon which the bankruptcy court based its dismissal of the adversary proceeding no longer exists. The underlying bankruptcy case has been reinstated.

Wells Fargo is a creditor in Debtor's Chapter 13 proceeding, and the objections to Wells Fargo's asserted claim presented by Debtor's Adversary Complaint concern the administration of Debtor's estate, as they pertain to the determination of the validity, extent, or priority of Wells Fargo's asserted mortgage lien against Debtor's real property. *See e.g., Harmon v. United States*, 101 F.3d 574 (1996). Debtor's Adversary Complaint is not moot, but instead, presents a live controversy within the jurisdiction of the bankruptcy court. Consequently, Debtor's successful appeal of the dismissal of his Chapter 13 case necessarily requires reversal of the bankruptcy court's dismissal in his Adversary case.

However, as to the part of the bankruptcy court's Order that vacated the Clerk's Entry of Default, the Court finds that the bankruptcy court did not abuse its discretion in vacating the entry. The bankruptcy court's order vacating the Clerk's Entry of Default in Debtor's Adversary proceeding was appropriate under the circumstances. The Court finds that, considering the confusion surrounding the dismissal of Debtor's Chapter 13 proceeding, and the marginal failure of Wells Fargo to meet the deadline for its Answer to Debtor's Adversary Complaint, Wells Fargo's conduct was not contumacious and did not exhibit an intentional flouting or disregard of the court and its procedures. *See Johnson*, 140 F.3d at 784. The Court further finds that Debtor will suffer no prejudice from setting aside the entry of default. *Id.* Debtor's appeal will be granted in part, and denied in part.

## IV. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the appeal [ECF No. 1] filed by Debtor Mirsad Tasic is **GRANTED in part, and DENIED in part**.

**IT IS FURTHER HEREBY ORDERED** that the part of the bankruptcy court's order vacating the Clerk's entry of default is **AFFIRMED.**

**IT IS FURTHER ORDERED** that the part of the bankruptcy court's order dismissing Debtor Mirsad Tasic's Adversary case is **REVERSED**.

Dated this   4th   day of June, 2013.

                                                                          _____
                                                                          E. RICHARD WEBBER
                                                                          SENIOR UNITED STATES DISTRICT JUDGE